IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

LEE ANDREW SMITH,

        Petitioner,

vs.

JAMES MCKINNEY, Warden, Fort
Dodge Correctional Facility,

        Respondent.

No. C11-3010-MWB

*REPORT AND RECOMMEDATION
ON PETITION FOR WRIT OF
HABEAS CORPUS PURSUANT TO 28
U.S.C. § 2254*

_____

## *TABLE OF CONTENTS*

I.   **INTRODUCTION**................................................................2
    A.   *Factual Background* ..................................................2
    B.   *Procedural Background* ............................................5
        1.   *State Court Proceedings*....................................5
            a.   *Direct Appeal* .......................................7
            b.   *Postconviction Relief Proceedings* .............7
        2.   *Federal Proceedings* .....................................12

II.   **STANDARD OF REVIEW**................................................12

III.   **DISCUSSION**..............................................................15
    A.   *Exhaustion and Procedural Default* .........................15
        1.   *Applicable Standards* ....................................15
        2.   *Analysis* ...................................................16
    B.   *Ineffective Assistance of Counsel - Failure to Advise Concerning
        the Special 903B.1 Mandatory Lifetime Supervision Sentence* ..........16
        1.   *Applicable Standards* ....................................16
        2.   *Analysis: Did the Iowa Court of Appeals Decision Result in
            an Unreasonable Application of Federal Law?*.....................18

IV.   **ORDER AND RECOMMENDATION**................................................20

# I.    INTRODUCTION

On June 28, 2006, Lee Andrew Smith plead guilty in the Iowa District Court for Black Hawk County to three felony charges.  He was sentenced to prison for up to forty years, a sentence agreed to by the parties during plea negotiations.  Smith later challenged his guilty plea through various state court proceedings.  The Iowa District Court granted, in part, his application for postconviction relief (PCR), but the Iowa Court of Appeals reversed that ruling and denied the application in its entirety.

On June 28, 2011, Smith filed a *pro se* petition (Doc. No. 7) for writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254.  This action was stayed (Doc. No. 18) for a lengthy period of time, at Smith's request, because a related state court motion remained pending.  After the stay was lifted, Smith filed a merits brief (Doc. No. 51) on April 9, 2013.  Respondent James McKinney (Respondent) filed his merits brief (Doc. No. 52) on June 7, 2013.  Smith filed a supplemental memorandum (Doc. No. 85) on May 22, 2014, and Respondent filed a response (Doc. No. 86) on June 25, 2014.  The petition is fully submitted and ready for decision.  The Honorable Mark W. Bennett, United States District Judge, has referred the petition to me for preparation of a report and recommended disposition.

## A.    Factual Background

The Iowa Court of Appeals summarized the factual background of Smith's trial, guilty plea and motion in arrest of judgment in its opinion on Smith's PCR appeal.  Absent rebuttal by clear and convincing evidence, I must presume that any factual determinations made by the Iowa courts were correct.  28 U.S.C. § 2254(e)(1); *see Bell v. Norris*, 586 F.3d 624, 630 (8th Cir. 2009) (a federal court must deem factual findings by the state court to be presumptively correct, subject to disturbance only if proven incorrect by clear and convincing evidence).  Smith has made no effort to rebut any factual findings made

by the Iowa courts.[1]  As such, I adopt all factual findings made by the Iowa Court of Appeals.  Those include the following background and procedural facts:

> In April 2006, Smith entered his ex-girlfriend's home, armed with a knife, and physically and sexually assaulted her. On April 16, 2006, the State charged Smith with first-degree burglary in violation of Iowa Code sections 713.1 and 713.3 (2005) (Count I), third-degree sexual abuse, enhanced as a habitual offender, in violation of sections 709.1, 709.4, 902.8, and 902.9(2) (Count II), and domestic abuse assault causing bodily injury, enhanced as a habitual offender, in violation of sections 708.2A(4), 902.8, and 902.9(2) (Count III).
>
> Before trial, the State offered Smith a plea deal that would have resulted in a twenty-five year prison sentence. The State also indicated that if Smith did not take the deal, it might file a first-degree kidnapping charge against him. Smith's trial attorney, Andrea Dryer, informed Smith of the State's offer and the possibility of a first-degree kidnapping charge, but also told Smith she did not believe the State would have a strong kidnapping case.
>
> Smith declined the plea offer, and the case proceeded to trial on June 27, 2006. During the victim's testimony, Smith leaned over to Dryer and whispered loudly that he "wanted this to stop" and didn't want the victim to "go through this anymore." Smith then repeated himself, speaking loudly enough that Dryer believed some of the jurors had heard. Dryer told the trial judge that she and her client needed a break. A recess was called, after which the State and Smith negotiated a plea bargain. Pursuant to the plea agreement, Smith pled guilty to all three counts, and the State recommended a sentence of twenty-five years on Count I, fifteen years on Count II, and fifteen years on Count III, with

---

[1] I say that Smith "has made no effort to rebut" those findings because, despite filing two briefs and indicating that he *disagrees* with one finding by the Iowa Court of Appeals (a finding that relates to the issue of prejudice), he has done nothing to actually *prove*, by reference to clear and convincing evidence, that any finding was incorrect.

the sentences on Counts II and III to run concurrent to each other but consecutive to the sentence on Count I.

During the required Iowa R.Crim. P. 2.8(2)(b) colloquy, Smith stated he was forty-nine years of age, had a high school education, and understood the charges against him. He further indicated that he was pleading guilty in order to avoid a first-degree kidnapping charge and the lifetime prison sentence that would result if he were convicted thereon. The judge informed Smith that he would have to take a batterer's education class, register as a sex offender, and pay a civil penalty. Smith was not told he would be subject to mandatory lifetime supervision under Iowa Code section 903B.1 (Supp.2005). The district court accepted Smith's plea.

Smith requested immediate sentencing. The judge advised Smith that if he was sentenced immediately, he would waive his right to file a motion in arrest of judgment and could not challenge any defects in the plea proceedings. The colloquy indicates Smith understood he was waiving that right. The court then sentenced Smith to the forty-year sentence recommended by the prosecution, consisting of twenty-five years on Count I plus fifteen years each on Counts II and III, the sentences on the latter two counts running concurrently. The sentence imposed by the court did not include the mandatory section 903B.1 lifetime parole term.

Later, the district court entered an order finding that Smith's sentence did not comply with section 903B.1, set it aside, and scheduled a resentencing hearing for December 18, 2006. At that time, Smith asked to withdraw his guilty plea, and the hearing was continued to January 16, 2007. Five days before the scheduled resentencing hearing, Smith filed a motion in arrest of judgment and a formal application to withdraw his guilty plea. The district court then entered an order granting Smith a new trial, holding that: (1) the omission of the section 903B.1 lifetime parole term was an illegal sentence that could be corrected at any time; (2) Smith was not informed of the section 903B.1 sentence, causing his plea to be unknowing; and (3) the improper plea invalidated the entire agreement and not just the sexual assault plea. The State appealed. On

appeal, the supreme court found Smith had waived his right to file a motion in arrest of judgment and remanded the case for resentencing, but stated that Smith could bring a post-conviction relief action challenging his guilty plea following resentencing. *State v. Smith,* 753 N.W.2d 562, 565 (Iowa 2008).

After procedendo issued, the district court resentenced Smith as before to forty years' imprisonment, consisting of twenty-five years on the burglary charge, and fifteen years on the sexual abuse and domestic abuse assault charges to be served concurrently. The court added the lifetime parole term required by section 903B.1.

*Smith v. State*, 791 N.W.2d 712, 2010 WL 4867384, at *1-2 (Iowa Ct. App. 2010) (unpublished table decision) (hereafter the PCR Appeal Decision) [footnote omitted]. Additional factual findings made by the Iowa Court of Appeals will be discussed, as necessary, *infra*.

## B.    *Procedural Background*

### 1.    *State Court Proceedings*

Smith was charged with first-degree burglary (Count I), third-degree sexual assault, enhanced as a habitual offender (Count II) and domestic abuse assault causing bodily injury, enhanced as a habitual offender (Count III). He rejected a plea offer before trial. The case proceeded to trial, during which Smith was represented by Andrea Dryer. While the first witness was testifying, Smith interrupted the trial and, after conferring with his attorney, announced he wanted to plead guilty. On June 28, 2006, he plead guilty to all three charges. The plea agreement included a recommended sentence of twenty-five years on Count I, fifteen years on Count II and fifteen years on Count III, with the sentences on Counts II and III running concurrently but consecutively to Count I, for a total of forty years imprisonment.

After the district court accepted his guilty plea, Smith requested immediate sentencing. The trial judge explained that by accepting immediate sentencing, Smith would give up his right to file a motion in arrest of judgment. Smith indicated he understood he waived that right and was then sentenced in accordance with the parties' recommendation. The court did not inform Smith that pursuant to Iowa Code § 903B.1,[2] he would be subject to a mandatory lifetime term of parole supervision as a result of his guilty plea to Count II – the sexual assault charge. Nor did the court impose that sentence.

On October 31, 2006, the Chief Judge of the First Judicial District, *sua sponte*, entered an order finding Smith's sentence did not comply with section 903B.1 and requiring that Smith be resentenced in compliance with the law. On November 15, 2006, the Iowa District Court entered an order setting aside Smith's original sentence and scheduled resentencing for December 18, 2006. During that hearing, Smith requested to withdraw his guilty plea based on the failure to inform him of the mandatory lifetime supervision requirement. The court continued resentencing to January 16, 2007. On

---

[2] At the time Smith was sentenced, section 903B.1 read as follows:

> A person convicted of a class "C" felony or greater offense under chapter 709, or a class "C" felony under section 728.12, shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for the rest of the person's life, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole. The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and chapter 908, and rules adopted under those chapters for persons on parole. The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation. A special sentence shall be considered a category "A" sentence for purposes of calculating earned time under section 903A.2.

Iowa Code § 903B.1 (as enacted by Iowa Acts 2005 (81 G.A.) ch. 158, H.F. 619, § 39).

January 11, 2007, Smith filed a motion in arrest of judgment and application to withdraw his guilty plea. The court granted his motion, finding that the lifetime parole term was a direct consequence of his plea and the failure to inform him of that direct consequence rendered his plea unknowing and illegal. The court ordered a new trial on all counts, finding that this defect invalidated the entire plea.

### a.    Direct Appeal

The State appealed the district court's order, arguing that the court improperly considered Smith's motion in arrest of judgment because Smith had waived the right to file such a motion during the original sentencing. On July 25, 2008, the Iowa Supreme Court reversed the district court's judgment. *State v. Smith,* 753 N.W.2d 562 (Iowa 2008). The Court held that Smith waived his right to file a motion in arrest of judgment and that this waiver continued to apply at the time of his resentencing. The Court remanded the case for the sole purpose of resentencing Smith. *Id.* at 565. The Court noted that Smith could then challenge his guilty plea through a PCR action. *Id.* On remand, the district court resentenced Smith as before, imposing imprisonment of up to forty years, and added the lifetime parole term in accordance with section 903B.1.

### b.    Postconviction Relief Proceedings
### i.    Iowa District Court Decision

Smith filed his PCR application in the Iowa District Court on September 28, 2009. He argued that he received ineffective assistance of counsel in that (1) he was coerced into pleading guilty and (2) his counsel failed to file a motion in arrest of judgment raising the district court's failure to advise him of the mandatory lifetime parole requirement. The district court held an evidentiary hearing on September 28, 2009, and ruled on September 29, 2009. The court rejected Smith's claim that he was coerced into pleading guilty, noting that during the victim's trial testimony Smith told Dryer – in a voice loud

enough for jurors to hear – that he did not want to put the victim through the stress of testifying and wanted to plead guilty. The court credited Dryer's testimony that at no time did she indicate a lack of faith in Smith's case or tell Smith that he should plead guilty.

The district court found for Smith on his second ineffective assistance of counsel claim, finding it was a breach of duty for his counsel to not inform him that he would be subject to mandatory lifetime parole. The court further found there was sufficient prejudice to require vacating Smith's plea with regard to Count II, stating:

> The court is not able to accept the State's argument that had Smith been so informed, it would not have mattered and he would have entered a guilty plea to Count II [sexual abuse]. The court accepts Smith's testimony that had he been aware of the applicability of section 903B.1, he would not have entered a plea of guilty to Count II.

*See* PCR Appeal Decision at *3 (quoting the district court's ruling). Thus, the district court vacated Smith's conviction and sentence with regard to Count II. As for the other two counts, the court held that because the section 903B.1 requirement applied only to the sexual abuse count, the guilty plea was unknowing and involuntary only with regard to that charge. As a result, the court declined to vacate Smith's convictions and sentences on Counts I and III. The court noted that the State could retry Smith on Count II, if it so chose.

## ii.    *Appellate Court Decision*

On appeal, Smith argued that once the district court found ineffective assistance of counsel, it was required to vacate the entire plea, not just his plea of guilty to Count II. The State cross-appealed. While the State did not challenge the district court's finding that Smith's counsel failed to perform an essential duty, it argued that Smith failed to demonstrate prejudice. On November 24, 2010, the Iowa Court of Appeals issued the PCR Appeal Decision. The court agreed with the State that Smith had failed to establish

prejudice, finding he had not shown "a reasonable probability he would not have pled guilty had he been informed" of the lifetime parole requirement. PCR Appeal Decision at *4. The court noted that at the time of trial and his guilty plea, Smith was forty-nine years old, understood he was pleading guilty to three felonies and that the State was recommending a forty-year prison sentence. *Id.* at *5. In light of these circumstances, the court stated: "It seems implausible to us that the lifetime special parole term would have been a dealbreaker, had Smith been told about it." *Id.* Instead, based on Smith's testimony at the PCR trial, the court found that Smith's "real concern had to do with the possibility of being charged with first-degree kidnapping, which would carry a lifetime sentence without parole." *Id.* Smith testified as follows:

> Q. If you had known that there was a special sentencing provision that required you to be on lifetime parole, would you still have pled guilty at the time you did?
>
> A. No, ma'am. I wouldn't have pled guilty to that. I didn't even really want to plead guilty to the 40 years.
>
> Q. But you did because?
>
> A. Because I was being told I was going to get a life sentence for the First Degree Kidnapping. Said I was making a mistake for going to trial.
>
> Q. And you're saying Ms. Dryer told you that during [the victim's] testimony?
>
> A. Those are her exact words.
>
> Q …. you must have thought [the victim] was doing a very good job because you were concerned about being convicted of Kidnapping in the First Degree and serving life, so you took the plea.
>
> A. I did not commit a Kidnapping First Degree. If I did, give it to me then. Where is it at?

Q. At the time she was testifying, you were the only one that interrupted the proceedings and wanted to enter a plea; correct?

A. That's wrong. My lawyer was telling me if I didn't take the deal, that I was going to get a First Degree Kidnapping and I have been through the law book and I haven't committed to First Degree Kidnapping. The only thing you can charge me with is false imprisonment.

Q. Do you recall during the plea colloquy with the judge at the time of your plea that you told him the reason you were pleading and the reason you took the plea offer is because you didn't was any life sentence so you were asking the court to accept you plea offer?

A. Yeah. I do recall that. Anybody in their right mind would accept the plea bargain if they thought they were going to get First Degree Kidnapping. They were illiterate to the law as I was at that time. I'm not illiterate to the law anymore. I know my constitutional rights now.

Q. So you were taking this [plea deal] regardless [of] whether anybody told you about lifetime parole or not. That didn't even matter to you, did it?

A. My lawyer hadn't told me the truth in trial. I wouldn't have—she had let me went on the trial, I would have pursued going to trial.

Q. What are you saying she didn't tell you the truth about?

A. What do I think she didn't tell me the truth about? She knew there wasn't never no First Degree Kidnapping I had committed anyway. You know that—I know that as of now. I have been down here for three years—

*Id*. The Iowa Court of Appeals faulted the district court for stating it "accepts Mr. Smith's testimony that had he been aware of the applicability of 903B.1, he would not

have entered a plea of guilty to Count II." *Id.* According to the court, Smith's testimony – as quoted above – "does not really say that." *Id.* The court then stated:

> Moreover, the court elsewhere found Smith's testimony "not believable." It rejected Smith's postconviction testimony in every other meaningful aspect. It found credible Dryer's testimony that Smith wanted to plead guilty after hearing the victim's direct testimony. Even if Smith had unequivocally testified at the postconviction relief hearing that he would not have pled guilty had he been aware of the section 903B.1 lifetime parole term, a court does not have to accept this kind of self-serving claim. *See Kirchner [v. State],* 756 N.W.2d [202,] 206 [(Iowa 2008)] ("Kirchner offered no evidence to support his self-serving statement that he would have accepted the plea deal had he known the great likelihood of his conviction of first-degree kidnapping."); *State v. Tate,* 710 N.W.2d 237, 241 (Iowa 2006) (holding that a statement, standing alone, that is a conclusory claim of prejudice is not sufficient to satisfy the prejudice element).

*Id.* at *6.

The Iowa Court of Appeals concluded that "[t]aking the record as a whole, including Smith's testimony, Dryer's testimony, and the circumstances surrounding the original trial and plea hearing, it cannot sustain a finding that Smith would have rejected the plea bargain had he known of the mandatory parole term." *Id.* Thus, the court ordered that Smith's PCR application be dismissed. *Id.* at *7. This rendered it unnecessary for the court to consider Smith's argument that the district court should have vacated his convictions and sentences on all three counts. *Id.*

Smith requested further review by the Iowa Supreme Court. His application was denied February 2, 2011, and the Writ of Procedendo issued February 14, 2011.

## 2. Federal Proceedings

In his petition to this court, Smith asserted three grounds for relief. Doc. No. 7 at 3-5. In his merits brief, Smith has condensed those grounds to two ineffective assistance of counsel claims based on (a) not being informed about the parole board's process for determining parole and (b) not being informed about the section 903B.1 mandatory lifetime supervision sentence. Doc. No. 85 at 5. He contends his entire guilty plea should be vacated because he was denied his right to effective assistance of counsel during all portions of his proceedings. *Id.*

## II. STANDARD OF REVIEW

Smith brings this petition pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(a) provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under AEDPA, federal courts apply a "deferential standard of review" to the state court's determinations of law and fact if the state court adjudicated the claim on the merits. *Taylor v. Bowersox*, 329 F.3d 963, 967-68 (8th Cir. 2003). Section 2254(d) provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Smith brings his petition under section 2254(d)(1). There are two categories of cases under this section that may provide a state prisoner with grounds for federal habeas relief: (1) if the relevant state-court decision was "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) if the relevant state-court decision "involved an *unreasonable application* of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting 28 U.S.C. § 2254(d)(1)) [emphasis added by the Court].

A state court can violate the "unreasonable application" clause of section 2254(d)(1) in two ways: (a) where "the state court identifies the correct governing legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (b) where "the State court either unreasonably extends a legal principle from [Supreme] Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407.

The state court reviews a postconviction relief petition based on ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the person challenging a conviction must show that (1) counsel provided deficient assistance to the extent that "counsel's representation fell below an objective standard of reasonableness" and (2) there was prejudice as a result. *Id.* at 687-88. The errors must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and the defendant was deprived of a fair trial. *Id.* at 687. The court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Federal habeas courts must then find that a state court's application of *Strickland* was unreasonable under section 2254(d) to grant habeas relief. This is a highly deferential inquiry because "[a] state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 785 (2011). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788. Therefore, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 786 (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

For a claim to be successful under section 2254(d)(1), "[i]t is not enough that the state court applied clearly established federal law erroneously or incorrectly—the application must additionally be unreasonable." *Jones v. Wilder-Tomlinson*, 577 F. Supp. 2d 1064, 1073-74 (N.D. Iowa 2008) (citing *Williams,* 529 U.S. at 411; *Bell v. Cone*, 535 U.S. 685, 694 (2002) ("an unreasonable application is different from an incorrect one.")). *See Ringo v. Roper*, 472 F.3d 1001, 1003 (8th Cir. 2007) (same). "[A] federal court may not grant the petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent." *Jones*, 577 F. Supp. 2d at 1074 (citing *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999)); *see Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (to be overturned, the state court's application of federal law must have been "objectively unreasonable") (citing *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005)).

The petitioner bears the burden of showing that the state court's ruling on the claim presented was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a

14

substitute for ordinary error correction through appeal." *Id.* at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

## III.  DISCUSSION

### A.  Exhaustion and Procedural Default

#### 1.  Applicable Standards

In order for a federal court to enter a writ of habeas corpus in behalf of a state prisoner, the prisoner must first exhaust all available state court remedies.  28 U.S.C. §2254(b)(1).  In order to exhaust a claim, the prisoner must give the state courts a full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To satisfy this 'fairly present' requirement, the petitioner is required to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue" in the state court.  *Abdullah v. Groose*, 75 F.3d 408, 411-12 (8th Cir. 1996).

If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issue now.  *Abdullah*, 75 F.3d at 411.  Federal courts will not review a procedurally defaulted habeas claim because the state court is deprived of the opportunity to address those claims in the first instance.  *Id.*  The Supreme Court stated:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

## 2. Analysis

Smith argues that his trial counsel was ineffective for (1) failing to advise him of the parole board's requirements for determining parole eligibility and (2) failing to advise him of the mandatory lifetime parole requirement before he plead guilty to the three counts. Smith concedes that the first claim was "[n]ot presented to the Iowa state courts."[3] Doc. No. 51 at 11. As the above discussion suggests, this presents a problem for Smith. He has not attempted to make the showing that would be necessary to allow review of the first claim despite this defect. As such, I find that Smith's first ineffective assistance of counsel claim, based on his counsel's alleged failure to advise him of parole board eligibility requirements, cannot properly be considered in determining whether Smith is entitled to a writ of habeas corpus.[4]

By contrast, Respondent concedes that Smith exhausted the available state remedies regarding his claim based on counsel's failure to inform him of the mandatory lifetime parole requirement. Doc. No. 86 at 15-16. Smith is entitled to have the merits of that claim considered.

## B. Ineffective Assistance of Counsel - Failure to Advise Concerning the Special 903B.1 Mandatory Lifetime Supervision Sentence

### 1. Applicable Standards

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012). The two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under that test, the petitioner must show (1) deficiency, that is, counsel's representation fell below an

---

[3] Nor was this claim described in Smith's habeas petition. *See* Doc. No. 7.

[4] Even if that claim could be considered, for the reasons advanced by Respondent I find that the claim would necessarily fail on its merits. *See* Doc. No. 86 at 16-22.

objective standard of reasonableness and (2) prejudice, that is, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 57.

With regard to the first prong, a defendant who plead guilty upon the advice of counsel may attack the voluntary and intelligent character of the plea only by showing that the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (in turn citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Richter*, 131 S. Ct. at 787. An attorney's failure to advise a defendant of a collateral penalty is not below the objective standard of reasonableness. *United States v. Degand*, 614 F.2d 176, 177-78 (8th Cir. 1980). However, the defendant must be advised of the direct consequences of the guilty plea. *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)). Direct consequences are those that have "definite, immediate and largely automatic effect on the range of the defendant's punishment." *George*, 732 F.2d at 110.

The second prong – prejudice – focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. To demonstrate prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Garmon v. Lockhart*, 938 F.2d 120, 121 (8th Cir. 1991) (alteration in original) (quoting *Hill*, 474 U.S. at 59). A reasonable probability is a probability sufficient to undermine confidence in the outcome, it is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. *Richter*, 131 S. Ct. at 787. Under the *Strickland/Hill* prejudice test, the analysis of whether or

not the defendant would have plead guilty is subjective, not objective. *See Wanatee v. Ault*, 259 F.3d 700, 704 (8th Cir. 2001).

### 2. Analysis: Did the Iowa Court of Appeals Decision Result in an Unreasonable Application of Federal Law?

Smith argues his Sixth Amendment right to effective counsel was violated when he was not informed of the direct consequences of his guilty plea. Specifically, he contends his guilty plea must be set aside due to his attorney's failure to advise him that by pleading guilty to Count II, sexual abuse in the third degree, he would be sentenced to mandatory lifetime supervision after release from prison. Smith argues that because he was misinformed, his entire guilty plea was unknowing, unintelligent and unconstitutional due to the ineffectiveness of counsel. In seeking federal habeas relief, Smith asserts that by allowing his guilty plea to stand and not returning his case to the pre-plea stage, the Iowa Court of Appeals unreasonably applied federal law regarding ineffective assistance of counsel with regard to guilty pleas.

Respondent argues that the Iowa courts applied the correct legal standards regarding ineffective assistance of counsel and that their application was reasonable. Respondent further asserts that even if Smith's trial counsel's performance was deficient, the Iowa Court of Appeals did not err in finding that Smith failed to demonstrate prejudice, as he failed to show that he would have insisted on going to trial had he been advised of the mandatory lifetime parole term.

The Iowa Court of Appeals applied the *Strickland* test to determine whether Smith's counsel failed to perform an essential duty and whether that failure resulted in prejudice against the defendant. PCR Appeal Decision at *4. This was the correct legal standard. With regard to the first *Strickland* prong, the Iowa Court of Appeals found that Smith's counsel's failure to advise Smith of the mandatory lifetime parole term constituted a failure to perform an essential duty, thus satisfying that prong. *Id.* Indeed, the court noted that the State of Iowa did not challenge this aspect of the PCR trial court's

ruling. *Id.* It is not entirely clear, from Respondent's brief, whether Respondent contends that the Iowa Court of Appeals erred in finding that Smith satisfied the first *Strickland* prong. Regardless, in light of the deferential standard that applies in this case, I adopt the Iowa Court of Appeals' finding that Smith's trial counsel performed deficiently, and thus failed to perform an essential duty, by failing to advise Smith that he faced a mandatory lifetime term of parole if he plead guilty to Count II.

The real issue here is whether Smith satisfied the second *Strickland* prong – prejudice. Or, to be more precise, did the Iowa Court of Appeals reasonably apply federal law in concluding that Smith failed to show prejudice? The court explained the legal standard correctly, noting that Smith was required to demonstrate "a reasonable probability he would not have pled guilty had he been informed of the section 903B.1 sentence." *Id. (compare Hill*, 474 U.S. at 59 (the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")). The court then determined, based on the record before it, that Smith failed to make this showing. The court noted Smith's testimony that his first concern, and primary reason for pleading guilty, was to avoid receiving a life prison sentence for a kidnapping charge. *Id.* at *5. He complained that his attorney had not been "telling him the truth" about that kidnapping charge. *Id.* The court found "the §903B.1 special parole term was, at most, a sidelight, introduced only on leading questioning by counsel." *Id.* at *6. The court then concluded: "This record does not support a finding that the section 903B.1 parole term would have altered Smith's decision to plead guilty." *Id.*

Thus, as to the second *Strickland* prong, the Iowa Court of Appeals identified and applied the correct standard and then made the factual determination that Smith failed to satisfy that standard. As noted above, I must presume that any factual determinations made by the Iowa courts were correct. 28 U.S.C. § 2254(e)(1); *see Bell v. Norris*, 586 F.3d 624, 630 (8th Cir. 2009). Smith has not pointed to clear and convincing evidence in the record to rebut this presumption. At most, he merely argues, as he did before,

that he would not have plead guilty but for his attorney's failure to advise him of the mandatory lifetime parole term. This self-serving, conclusory argument is not sufficient to overcome the contrary finding made by the Iowa Court of Appeals. By contrast, the evidence referenced by the court, including Smith's own testimony and the testimony of his trial counsel, is consistent with that finding.

As noted above, "a federal court may not grant [a section 2254] petition unless the state court decision, viewed objectively and on the merits, cannot be justified under existing Supreme Court precedent." *Jones*, 577 F. Supp. 2d at 1074 (citing *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999)). Thus, Smith has the burden of showing that the Iowa Court of Appeals ruling was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87. He has not come close to making this showing. The Iowa Court of Appeals did not unreasonably apply *Strickland* in holding that Smith failed to demonstrate prejudice resulting from his trial counsel's failure to perform an essential duty. As such, I must recommend that Smith's petition be denied.

## IV. ORDER AND RECOMMENDATION

Based on the foregoing, I **respectfully recommend** that Smith's petition pursuant to 28 U.S.C. § 2254 (Doc. No. 7) be **denied**. Objections to this recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and

Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 (8th Cir. 2009).

**IT IS SO ORDERED.**

**DATED** this 7th day of November, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE